UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONPAK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ELECTRONICS FOR IMAGING, INC.,<br><br>    Defendant. | Case No.  14-cv-04058-JST<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

Before the Court is Defendant Electronics For Imaging, Inc.'s motion to dismiss. For the reasons set forth below, the motion is granted in part and denied in part.

I.   **BACKGROUND**[1]

Plaintiff Ronpak, Inc. ("Ronpak") filed a complaint against Electronics For Imagining, Inc. ("EFI") on September 5th, 2014 alleging breach of contract, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200, and fraudulent inducement. See ECF No. 2.

Ronpak alleges in its complaint that it sought enterprise software in 2012 to better manage and track its manufacturing resources. Id., ¶ 8. Ronpak personnel held a series of meetings with Mr. Stan Usry of EFI in which Usry demonstrated, and allegedly exaggerated, the capabilities of EFI's "Radius" product. Id., ¶¶ 9-15. Ronpak and EFI reached an agreement on January 11, 2013 according to which EFI agreed to provide Radius software, hardware, implementation support, and other services for a total sum of $550,000. Id., ¶ 14; see ECF No. 2, Ex. A.

Pursuant to the agreement, EFI delivered software and hardware to Ronpak, but the Radius software was never successfully implemented. Id., ¶¶ 15-16. Ronpak alleges the software did not perform as promised and never "made it beyond" an emulator despite at least eight months of

---

[1] For the purposes of this motion to dismiss, the Court accepts as true all allegations in Ronpak's complaint. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

intensive effort by Ronpak employees. Id. On January 16, 2014, Ronpak notified EFI that it was in breach of the contract and terminated the agreement. Id., ¶ 17. Ronpak now seeks damages and/or restitution for the cost of hardware, software licensing, service fees, and its own employee-hours, as well as punitive damages for EFI's alleged fraudulent inducement. ECF No. 2, ¶¶ 18, 44.

## II.  JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1332. The parties are diverse corporations and the amount in controversy exceeds $75,000.

## III.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). When addressing a motion to dismiss, courts must determine whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts must accept both the material facts alleged in the complaint and any reasonable inferences to be drawn from those facts as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). But "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient bases to support a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

When any of a complaint's causes of action allege fraud, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). This heightened standard requires the complainant to identify "what is false or misleading about a statement, and why it is false." Decker v. GlenFed, Inc., 42 F.3d 1541, 1548 (9th Cir.1994). In essence, a cause of action governed by Rule 9(b) must include "the who, what, when, where, and how" of the allegedly fraudulent conduct. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997). Courts must apply this standard to both claims in which fraud is an essential element and those in which the complainant "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim." Vess, 317 F.3d at

1103. The heightened pleading standard should not, however, be applied to causes of action neither rooted individually in fraud nor attached to a claim in which fraudulent conduct is an essential element. Id. at 1105.

## IV. DISCUSSION

### A. Application of Fraud Pleading Standard Under Rule 9(b)

The first issue before the Court is whether Ronpak alleges "a unified course of fraudulent conduct," which would implicate imposition of the Rule 9(b) heightened pleading standard for the entirety of its complaint, or rather alleges "some fraudulent and some non-fraudulent conduct." Vess, 317 F.3d at 1103-1104. If the entirety of the complaint is based upon a singular accusation of fraudulent conduct, then each individual cause of action must satisfy the heightened standard. Id. at 1104.

Ronpak's complaint includes five causes of action. ECF No. 2, ¶¶ 19-43. Much of Ronpak's complaint is based on a theory of fraudulent inducement. Id., ¶¶ 7-14, 19-26. But Ronpak also pleads, for example, that EFI breached its contractual obligations to Ronpak regardless of any misleading prior statements. Id., ¶¶ 35-40. Because at least one of Ronpak's claims does not have a basis in an accusation of fraud and is capable of standing on its own, the Court will examine each of Ronpak's claims individually to determine whether to apply the heightened Rule 9(b) pleading standard or the Rule 8(a) notice pleading standard. The Court examines first those claims that require imposition of the heightened standard.

### B. Claims Based in Fraud

Ronpak's first count alleges fraudulent inducement. ECF No. 2, ¶¶ 19-26. Because such claims are based on the intent to defraud through a false representation, they necessarily fall within the scope of Rule 9(b). Vess, 317 F.3d at 1105. Ronpak also alleges a UCL violation. Such claims do not necessarily implicate the heightened fraud standard. Vess, 317 F.3d at 1105 ("Fraud is not an essential element of a [UCL] claim . . . ."). Ronpak, however, alleges a fraud-based UCL claim—i.e., that EFI knowingly and intentionally misled Ronpak in a manner that violates the UCL. ECF No. 2, ¶¶ 41-43. In its opposition, Ronpak also treat its UCL claim as one based in fraud. ECF No. 16 at 4. Therefore, the Court applies the Rule 9(b) heightened pleading standard

3

1    to both Ronpak's UCL claim and its fraudulent inducement claim.

### 1.     Fraudulent Inducement

To properly allege fraud under California law, a plaintiff must plead "a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996), superseded by statute on other grounds as stated in B. Braun Med., Inc. v. Rogers, 163 Fed. App'x 500 (9th Cir. 2006).  A successful fraud claim also requires a showing of proximate causation—i.e., "that damages were sustained as a proximate cause of the fraudulent conduct." B. Braun, 163 Fed. App'x at 507 (quoting Kruse v. Bank of Am., 202 Cal. App. 3d 38 (1988)).  These prongs must be satisfied within the context of the Rule 9(b) heightened pleading standard. See Moore, 96 F.3d at 1245.

In its complaint, Ronpak specifically pleads particular meetings and demonstrations with EFI representatives, the dates of those meetings, what was said at the meetings, their locations, and how the statements were misleading.  ECF No. 2, ¶¶ 9-15.  For example, Ronpak describes an internet meeting involving Usry, Frank Flood, Bill White, and Bob Bowers that took place on October 23, 2012.  At that meeting, Usry explained that Radius would provide "full traceability of product components." Id., ¶ 9.  An EFI representative also sent Ronpak an "Executive Overview" listing many "foundational" components of EFI's Radius software, including "Company & System," "Estimating," "Job Costing," "Production," "Purchasing," and "Inventory Management." Id., ¶ 11.  Because Ronpak desired these features, it ultimately entered into a contract with EFI. Id., ¶¶ 14-15.  Ronpak alleges that later on, EFI's product failed to provide the advertised functionalities. Id., ¶¶ 14-17.  Ronpak also describes the precise sum it paid for the allegedly non-functional software and hardware. See id., Ex. A.

EFI attacks Ronpak's fraud pleading on several grounds.  First, EFI argues that Ronpak does not actually plead any specific facts demonstrating misrepresentation. ECF No. 13 at 7-9.  In making this argument, however, EFI itself discusses many of the specific facts recited in Ronpak's complaint, and then attempts to attack or rebut the factual basis for Ronpak's claims. Id.  Because "Ashcroft does not impose a 'probability requirement,'" Ante v. Office Depot Bus. Servs., 641 F. Supp. 2d 906, 913 (N.D. Cal. 2009), the Court will not delve into the merits of the parties'

1   competing positions at the motion to dismiss stage. And with regard to the 9(b) pleading standard,

2   EFI''s brief demonstrates that Ronpak's allegations are "'specific enough to give defendants

3   notice of the particular misconduct . . . so that they can defend against the charge and not just deny

4   that they have done anything wrong.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th

5   Cir. 2003) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)).

6       EFI also broadly argues that Ronpak fails to properly allege damages or the causal

7   connection between the misrepresentation and resulting damages. Id. at 9. This is incorrect.

8   Ronpak clearly alleges a scenario in which EFI's representatives' exaggeration of several Radius

9   features induced Ronpak to enter into the contract. ECF No. 2, ¶¶ 1-18. Ronpak allegedly paid a

10  substantial sum of money and incurred substantial expenses in labor as a direct result of its

11  dealings with EFI. Id., ¶ 18.

12      Finally, EFI avers that Ronpak failed to properly plead the scienter requirement of its

13  fraud claim. ECF No. 14 at 7. EFI properly notes that such scienter pleading may be put forth

14  generally "[a]s to matters peculiarly with the opposing party's knowledge . . . ." GlenFed, 42 F.3d

15  at 1547. The Ninth Circuit has made clear that, in these circumstances, "plaintiffs may aver

16  scienter generally . . . simply by saying that scienter existed." Id.

17      Ronpak has satisfied Rule 9(b) and adequately pleaded its fraud claim.

18      **2.     UCL Claim**

19      The UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair,

20  deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "An unlawful

21  business activity includes anything that can properly be called a business practice and that at the

22  same time is forbidden by law." Blank v. Kirwan, 39 Cal. 3d 311, 329 (1985) (citation and

23  internal alterations omitted). Therefore, a plaintiff may plead a UCL violation by showing that

24  1) the defendant's actions constitute business acts or practices and 2) the same acts or practices

25  form the basis for another claim for relief. See Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F.

26  Supp. 3d 1141, 1155 (S.D. Cal. 2014).

27      Because the same meetings, demonstrations, and policies that constitute the alleged fraud

28  are in furtherance of EFI's business, they constitute business acts or practices. See, e.g., Ariz.

Cartridge Remanufacturer's Ass'n, Inc. v. Lexmark Int'l, Inc., 421 F.3d 981 (9th Cir. 2005) (accepting as a UCL business act or practice the offering for sale of computer cartridges and entering into a contract of sale of those cartridges). And as discussed in section IV.B.1., supra, Ronpak has properly pled its theory of fraudulent inducement. The Court has already determined that Ronpak's fraudulent inducement allegations satisfy the Rule 9(b) heightened pleading requirement. This satisfies the second prong. Ronpak has properly pled its UCL claim.

### C. Claims Not Subject to the Fraud Pleading Standard

Certain claims may fall outside Rule 9(b)'s ambit even when a plaintiff alleges some fraud-based claims. Vess, 317 F.3d at 1105. A breach of contract claim falls outside the reach of Rule 9(b) because such a claim does not require intent to defraud, a false representation, or other elements of fraudulent misrepresentation. See id. at 1105-1106. As such, neither Ronpak's breach of contract claim nor its breach of the implied covenant of good faith and fair dealing claim, which derives from the contract claim, fall under the heightened pleading standard.

District courts in the Ninth Circuit are divided on the issue whether a claim for negligent misrepresentation is subject to Rule 9(b). Though Ronpak fails to address this question, the Court will conform to its prior determination that negligent misrepresentation claims are not subject to Rule 9(b). See Howard v. First Horizon Home Loan Corp., No. 12-CV-05735-JST, 2013 WL 6174920, at *5 (N.D. Cal. Nov. 25, 2013).

Substantial bases support this conclusion. First, the Ninth Circuit has yet to provide a guiding opinion on the matter. See Anschutz Corp. v. Merrill Lynch & Co., 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011). Second, in its opinion closest to reaching the issue, the Ninth Circuit quotes with approval the following section of Carlon v. Thaman, 130 F.3d 309, 315 (8th Cir. 1997):

> The only consequence of a holding that Rule 9(b) is violated with respect to a § 11 claim would be that any allegations of fraud would be stripped from the claim. The allegations of innocent or negligent misrepresentation, which are at the heart of a § 11 claim, would survive.

Vess, 317 F.3d at 1105. Finally, recent, persuasive decisions have pointed out that Rule 9(b) applies explicitly to cases of "fraud or mistake," while the negligent misrepresentation tort contains an entirely distinct element that distinguishes it from actual fraud. See, e.g., Petersen v.

6

Allstate Indem. Co., 281 F.R.D. 413, 417 (C.D. Cal. 2012); Cutler v. Rancher Energy Corp., No. SACV 13-00906-DOC (JPRx), 2014 WL 1153054, at *4-6 (C.D. Cal. Mar. 11, 2014). Specifically, "[t]he California tort of 'negligent misrepresentation' requires that the defendant 'lacked any reasonable ground for believing [its] statement to be true,' whereas California fraud requires that the defendant 'made an intentionally false statement.'" Petersen, 281 F.R.D. at 417 (quoting Charnay v. Cobert, 145 Cal. App. 4th 170, 184, (2006)). Thus, the Court finds that Rule 9(b) does not apply to Ronpak's negligent misrepresentation claim. Rather, the Court evaluates the following claims under the general pleading standard supplied by Rule 8(a).

### 1.    Negligent Misrepresentation

Under California law, a claim for negligent misrepresentation requires a showing of: (1) the misrepresentation of a material fact, (2) without reasonable ground for believing the fact is true, (3) with intent to induce another's reliance on the misrepresented fact, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. Cutler, 2014 WL 1153054, at *7 (citing Apollo Capital fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243 (2007)).

In its complaint, Ronpak makes textbook allegations of the elements of a negligent misrepresentation claim. ECF No. 2, ¶¶ 27-34. Ronpak has alleged various misrepresentations of material fact by EFI representatives, that those representatives did not have reasonable grounds to believe their representations were true, that the misrepresentations were intended to and did induce justifiable reliance by Ronpak in entering the contract, and that those misrepresentations resulted in damage to Ronpak. Id. Ronpak has sufficiently pleaded a cause of action for negligent misrepresentation. See ECF No. 2, ¶¶ 28, 32, 33 (pointing to specific misrepresentations; alleging that, "[h]ad Plaintiff knows [sic] of the facts concealed from it by Defendant or of the falsity of Defendant's representations, Plaintiff would not have entered into the license agreement with Defendant; and alleging that "each of [Defendant's representations] was a substantial factor in causing" harm to Plaintiff).

EFI's argument in support of dismissal of this claim also relies heavily on its belief that Ronpak has failed to allege its claim with particularity under Rule 9(b). See ECF No. 13 at 7-10. But as discussed in section IV.C., supra, the Court has determined that Rule 9(b) does not measure

the adequacy of a negligent misrepresentation claim. And to the extent that Ronpak's pleadings satisfy Rule 9(b) with respect to its allegations of fraudulent misrepresentation, which are closely related to its negligent misrepresentation claims, they also satisfy the lesser standard under Rule 8(a). See Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1055 (9th Cir. 2008) (explaining that the "elements of a cause of action for fraud and a cause of action for negligent misrepresentation are very similar," but that, unlike fraud, "[n]egligent misrepresentation lacks the element of intent to deceive."); Cutler, 2014 WL 1153054, at *7 (explaining that, "[u]nlike fraud, negligent misrepresentation does not require knowledge of falsity.").

Thus, the Court finds that Ronpak's allegations survive EFI's Motion to Dismiss.

### 2. Breach of Contract

"A cause of action for damages for breach of contract is comprised of the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1388 (1990); Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan, 150 Cal. App. 4th 1487, 1494, 59 Cal. Rptr. 3d 587, 592 (2007). Here, the dispute centers around whether Ronpak has sufficiently alleged breach.

The Court finds that Ronpak has adequately alleged that EFI failed to perform under the contract. In particular, Ronpak alleges: "EFI failed to deliver functioning software to Ronpak. In fact, the failure of EFI Radius was so complete that it was never even tested in a production environment at Ronpak"; "Plaintiff has not excused, waived, or otherwise released Defendant from its obligations to deliver functional software as promised in the license agreement, to configure the software and/or deliver software that is configurable by either party"; and "Defendant has failed to meet any of its obligations under the license agreement." ECF No. 2, ¶¶ 16, 37, 38.

EFI's argues to the contrary, contending: (1) that it provided Radius software and the bargained-for support services to Ronpak as provided in the contract, (2) that the failure of Radius to function resulted from Ronpak's failure to properly install the product, and (3) Ronpak has improperly imported terms into the fully integrated contract—i.e., a "Go Live" date. EFI's

arguments miss the point.

These arguments – which dispute the accuracy, rather than the adequacy, of Ronpak's allegations – are not well taken in a motion to dismiss. Factual disputes are not relevant at this stage of the proceedings. Rather, the Court merely evaluates whether the complaint contains allegations that, taken together with reasonable inferences therefrom, are sufficient to state a cause of action. Twombly, 550 U.S. at 570; Abbit v. ING USA Annuity & Life Ins. Co., 999 F. Supp. 2d 1189, 1197-98 (S.D. Cal. 2014). The Court finds that Ronpak's breach of contract claim adequately alleges the elements of that cause of action.

### 3. Breach of Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing "imposes upon each party [to a contract] a duty of good faith and fair dealing in its performance and its enforcement." McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 798 (2008). The duty is meant to ensure that neither party will do anything that would "injure the right of the other to receive the benefits of the agreement." Wolf v. Walt Disney Pictures & Television, 162 Cal. App. 4th 1107, 1120 (2008). A good-faith-and-fair-dealing claim may not, however, "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Agosta v. Astor, 120 Cal. App. 4th 596, 607 (2004).

Ronpak has alleged that it "has not received the benefit of the bargain it made with Defendant. Specifically, Plaintiff has not received and Defendant has not implemented for Plaintiff in a reasonable and timely fashion functional software licensed by Plaintiff." ECF No. 2, ¶ 39. EFI argues that this allegation duplicates Ronpak's breach of contract claim and therefore should be dismissed. ECF No. 13 at 13 (citing Landucci v. State Farm Ins. Co., --- F. Supp. 2d ---, 2014 WL 3962845, at *13 (N.D. Cal. Aug. 12, 2014)). In its opposition to the motion to dismiss, Ronpak clarifies that it has not alleged *breach* of the contract on the basis that EFI failed to deliver a functional product within a certain timeframe, but that its good-faith-and-fair-dealing claim accounts for the loss it suffered as a result of not having a functioning product within a reasonable timeframe. ECF No. 16 at 11-12. Ronpak cites Barrous v. BP P.L.C., No. 10-CV-2944-LHK, 2010 WL 4024774, at *5 (N.D. Cal. Oct. 13, 2010), to support its claim that EFI's untimeliness

9

1  constituted a breach of the implied covenant. ECF No. 16 at 12.

2  To the extent Ronpak's claim is premised not on the same allegations as those supporting its breach of contract claim—i.e., that EFI did not provide functional software to Ronpak—it is not duplicative. As pleaded, however, and as Ronpak has explained the allegation, Ronpak is attempting to import a temporal term into the fully integrated contract that neither party alleges is found in the contract. Here, imposing on EFI any timing requirement not provided by the contract's terms would impermissibly add a substantive term to the contract. See Barrous, 2010 WL 4024774, at *5 ("no express contractual provision requires Defendants to undertake any specific remediation . . . by a specified date, and the implied covenant cannot create a substantive duty beyond that expressly required by the Agreement."). Thus, the Court finds that Ronpak's breach of the covenant of good faith and fair dealing claim, as pleaded, must be dismissed.

## CONCLUSION

For the foregoing reasons, EFI's Motion to Dismiss is hereby denied as to Ronpak's UCL, breach of contract, fraudulent inducement, and negligent misrepresentation claims. The Court hereby grants EFI's Motion to Dismiss Ronpak's breach of the implied covenant of good faith and fair dealing claim, with leave to amend.

If it intends to file an amended complaint to re-plead its claims for breach of the covenant of good faith and fair dealing, Ronpak must do so within 14 days of the date of this order. If it does not do so, the case will proceed on the basis of the surviving allegations of Ronpak's original complaint.

IT IS SO ORDERED.

Dated: January 14, 2015

_____
JON S. TIGAR
United States District Judge